CHERYL HARRIS,

        Plaintiff,

v.

        Case No.: 17-cv-10239
        Honorable Gershwin A. Drain

YUM! BRANDS, INC., *et al.*,

        Defendants.

_____/

# OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#67], GRANTING MOTION FOR LEAVE TO FILE NOTICE OF NON-PARTY FAULT[#66] AND DENYING MOTION FOR LEAVE TO AMEND [#80]

## I. INTRODUCTION

Presently before the Court is the Defendants, Yum! Brands, Inc. ("Yum! Brands"), Pizza Hut of America, LLC, Redberry Resto Brands Int'l, Inc. ("Redberry-Delaware") and Redberry Resto Brands, Inc.'s ("Redberry-Canada") Motion for Summary Judgment, filed on October 12, 2018.[1] Plaintiff Cheryl Harris filed a Response in Opposition on October 28, 2018. Defendants filed a Reply in support of their Motion for Summary Judgment on November 2, 2018.

---

[1] Plaintiff agrees that Redberry-Canada should be dismissed from this action. Thus, the Court will DISMISS Count IV.

Also, before the Court is the Defendants' Motion for Leave to File Notice of Non-Party Fault, filed on October 11, 2018. Plaintiff filed a Response in Opposition on October 18, 2018, and Defendants filed a Reply in support on October 26, 2018.

Lastly, Plaintiff filed a Motion for Leave to Amend the Complaint on October 28, 2018, which is also before the Court. Defendants filed a Response in Opposition on November 5, 2018, and Plaintiff filed a Reply in support on November 9, 2018.

A hearing on these matters was held on November 13, 2018. For the reasons that follow, the Court will grant in part and deny in part Defendants' Motion for Summary Judgment. The Court will dismiss Defendants Pizza Hut of America, Redberry-Canada and Yum! Brands, Inc. and Counts IV, V, VI, VII, VIII and IX from this action. Additionally, the Court will dismiss Counts XI and XII as to Yum! Brands and Redberry-Delaware. The Court will also grant Defendants' Motion for Leave to File Notice of Non-Party Fault and will deny Plaintiff's Motion for Leave to Amend.

## II. FACTUAL BACKGROUND

In the late afternoon of December 16, 2014, Plaintiff decided to purchase pizza for her granddaughters. She arrived at the Pizza Hut take-out restaurant

around 6:30 p.m. Plaintiff chose this restaurant because of its proximity to her daughter's house, as well as her belief that a large pepperoni pizza was only $5.00.

When she arrived at the restaurant, Danyel Beanum was working at the service counter. He rudely informed Plaintiff that there was no $5.00 special for a large pizza, rather the special was two large pizzas for $10.00. However, she could buy a small pizza at the $5.00 price. Plaintiff ordered a small pizza.

Plaintiff felt uncomfortable waiting for her pizza inside of the restaurant because a man was selling bootleg DVD movies and he aggressively attempted to sell his products to Plaintiff. She decided to wait for her order in her car. When she returned, Beanum told her that her pizza was ready. Employees and customers were separated by bullet-proof glass; thus, the restaurant used a dispensary device to provide pizza and drinks to customers. Beanum placed Plaintiff's pizza in the dispensary device and walked away without saying anything to Plaintiff.

Plaintiff believed that the transaction had ended and that she was supposed to retrieve her pizza from the dispensary device. She saw a small opening in the device and she began to place her left hand inside to obtain her pizza. As she reached into the dispensary device, she saw Beanum out of the corner of her eye turn toward her and it appeared that he pushed a button or flipped a switch. She heard a popping noise and immediately withdrew her hand without attempting to take the pizza. As she did this, she felt excruciating pain in her left index finger at

the same time she heard and felt metal components of the dispensary device move rapidly.

Plaintiff was in shock and began screaming. She placed her left hand between her legs to put pressure on it and saw blood dripping from her hand and blood on the floor. Beanum and the other employees appeared dazed and did not take any action to assist Plaintiff. Another customer entered the restaurant, saw the blood, and came to Plaintiff's aid. The customer called Plaintiff's daughter and it is believed he called 911 as well.

Beanum provided very hard, rough and unabsorbent paper to Plaintiff, which failed to stop the bleeding. Beanum bent down to inspect the dispensary device and found Plaintiff's severed fingertip and placed it in a dirty container with ice. Plaintiff was later told by emergency room staff that by placing the fingertip directly on ice, Beanum eliminated any possibility of surgical reattachment.

The loss of Plaintiff's left index fingertip has caused permanent physical and emotional injuries. She can no longer use her left hand without pain. She experiences pain in her left hand and wrist due to the injury and has been diagnosed with Complex Regional Pain Syndrome, a chronic medical condition associated with severe, burning pain, inflammation, and changes in the skin. Due to her injury and pain, Plaintiff has also been treated for severe depression at the

University of Michigan clinic. Prior to her injury, Plaintiff had plans to start her own business, however these plans are on hold indefinitely due to her injury.

On October 16, 2018, Plaintiff's expert, Ralph Lipsey Barnett, examined a device represented by Defendants to be identical to the dispensary device that severed Plaintiff's left index fingertip. Barnett has been a Professor of Mechanical and Aerospace Engineering at the Illinois Institute of Technology since 1969.

After examining the device, Professor Barnett opined that "the force with which the door slams shut when forward pressure on the drawer handles is released suddenly presents a hidden risk of substantial injury to a customer who happens to have her hand inside the Wall Opening when this happens." *See* Dkt. No. 81-2 at Pg ID 1251, ¶ 14. He further noted that "a complex machine such as this device should not be hidden from view to its operators," and "[a] typical first time customer to a Pizza Hut restaurant with this device would have no idea how it worked and could not possibly understand its safety hazards." *Id*. at ¶¶ 17-18. As such, he concludes that the safety risks presented by the dispensary device were not "open and obvious." *Id.* at ¶ 19.

Plaintiff filed the instant action on January 25, 2017 naming Yum! Brands, Pizza Hut of America, Inc., Redberry-Delaware, Redberry-Canada, and John Doe Entities 1 through 10. She brought the following claims: Count I, Negligence against Redberry-Delaware; Count II, Vicarious Liability against Redberry-

Delaware; Count III, Premises Liability against Redberry-Delaware; Count IV, Negligence against Redberry-Canada, Count V, Third Party Beneficiary Breach of Contract against Redberry-Delaware and Redberry-Canada; Count VI, Negligence against Pizza Hut of America; Count VII, Third Party Beneficiary Breach of Contract against Redberry-Delaware and Pizza Hut of America; Count VIII, Negligence against Yum! Brands; Count IX, Third Party Beneficiary Breach of Contract against Pizza Hut of America and Yum! Brands; Count X, Negligence against John Doe Entities 1-10; and Count XI, Strict Product Liability against John Doe Entities 1-10.

Plaintiff did not serve Malibu Builders, a putative John Doe Entity, until August 4, 2018. On August 27, 2018, Malibu Builders filed a Motion for a More Definite Statement. On September 4, 2018, Malibu Builders filed a Motion to Adjourn requesting that all dates in the Court's August 9, 2018 Stipulation and Order to Adjourn Dates be extended by 120 days.

The Court held a status conference with the parties on September 24, 2018. At the hearing, Plaintiff indicated that she would be filing an Amended Complaint in an effort to address Malibu Builders' Motion for More Definite Statement, namely Plaintiff's negligence and strict liability claims, Counts X and XI. The Court also indicated at the conference that it would not extend the dates set forth in its August 9, 2018 Order, but would sever Malibu Builders from the action so that

Plaintiff's claims against Malibu Builders would proceed on a different schedule than that of the other named Defendants.

On September 28, 2018, Plaintiff filed an Amended Complaint. In her Amended Complaint, Count XI, Design Defect Strict Product Liability, was brought against all of the Defendants, as opposed to only the John Doe Defendants. She also brought Count XII against all of the Defendants, which alleges a failure to warn strict product liability claim.

### III. LAW & ANALYSIS

#### A. Defendants' Motion for Summary Judgment

##### 1. Standard of Review

Federal Rule of Civil Procedure 56(a) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Ultimately, the

court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

### 2. Analysis

Defendants first argue that Counts I and II, negligence and vicarious liability, against Defendant Redberry-Delaware should be dismissed because Plaintiff cannot allege a negligence claim when her allegations sound in premises liability.

In her Amended Complaint, Plaintiff alleges that "Beanum . . . acting in the regular course of his employment . . . failed to instruct Ms. Harris as to how to safely withdraw her pizza from the pizza dispensary device." Compl. ¶¶ 30-31. She further alleges that "Beanum activated the pizza dispensary device in a manner that caused the internal drawer of the device to suddenly and rapidly move, thereby amputating Ms. Harris' left index fingertip." *Id.* at ¶ 33. Plaintiff maintains that Redberry-Delaware had "a duty to exercise ordinary care to protect customers and other public invitees from unreasonable risks of injury[,]" a duty to instruct Ms. Harris on the use of the pizza dispensary device and how to withdraw her pizza safely from the device[,]" and "a duty to use reasonably safe operation methods with the pizza dispensary device[.]" *Id.* at ¶ 37.

It is true that "[c]ourts are not bound by the labels that parties attach to their claims" and that "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v. Trinity Continuing Care Servs.*, 296 Mich. App. 685, 691-92 (Mich. Ct. App. 2012). The law is well settled that "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*. at 692.

Defendants argue that Plaintiff's negligence and vicarious liability claims are extremely similar to the negligence claim asserted in *Buhalis*. The Court does not agree. In *Buhalis*, the plaintiff slipped and fell on ice on a patio near the front entrance of the defendant's building. *Id*. at 689. The *Buhalis* court determined that the plaintiff had clearly alleged a claim sounding in premises liability and not negligence. *Id*. at 693. Even though she maintained that the defendant's employees had created the dangerous condition, she could not transform her claim into one of ordinary negligence. *Id.*

Here, Plaintiff has alleged that Beanum failed to instruct her on the use of the dispensary device, he activated the device in a manner that caused the amputation of her finger, that Redberry-Delaware had "a duty to exercise ordinary

care to protect customers and other public invitees from unreasonable risks of injury[,]" and "a duty to use reasonably safe operation methods with the pizza dispensary device[.]" Compl. ¶ 37. Michigan law recognizes that claims arising from dangerous conditions on the land may be "grounded on an independent theory of liability based on the defendant's conduct." *Laier v. Kitchen*, 266 Mich. App. 482, 493 (Mich. Ct. App. 2005).

Similar to the facts in *Laier*, where the court found that the plaintiff had alleged an ordinary negligence claim in addition to a premises liability claim, Plaintiff has alleged both claims in her Amended Complaint because she has alleged that her injury arose from Beanum's failure to exercise care in the operation of the dispensary device and failure to operate the device in a reasonably safe manner. In *Lair*, the plaintiff's decedent brought an action against his neighbor for "fail[ing] to exercise care in the repair of the front-end loader and his operation of the equipment before the bucket fell and injured [his son] which was an additional theory of liability separate from that of premises liability."

The *Laier* court explained that "[d]efendant's *conduct* was thus an alleged basis of liability, independent of premises liability." *Id*. (emphasis in original) ("[L]iability for negligence in respect to dangerous instrumentalities . . . arises from the failure to use due care, and one who causes or authorizes the use of a dangerous instrument or article in a negligent manner . . . is responsible for the

natural and probable consequences of his act to any person injured who is not himself at fault.") (citing 46 A.L.R.2d 1377-78, § 1a). Plaintiff similarly alleges that Beanum's conduct was the alleged basis of her injury and that his conduct prevented the possibility of reattaching her index fingertip when he placed it on ice in a dirty container. Plaintiff has stated an ordinary negligence claim in addition to her claim of premises liability. Defendant Redberry-Delaware is not entitled to summary judgment on Counts I and II.

Next, Defendants assert that Plaintiff's Count III, premises liability, should be dismissed because the risk of the dispensary drawer was open and obvious. The Court likewise rejects Defendants' argument. Defendants have failed to establish there is no material question of fact as to the open and obvious defense. Plaintiff has introduced evidence from her expert, Professor Barnett, opining that the dispensary device posed a serious risk of injury that was hidden from customers. *See* Dkt. No. 81-2 at ¶¶ 14, 17-19.

"Whether a danger is open and obvious depends on whether it is reasonable to expect an average user of ordinary intelligence to discover the danger upon casual inspection." *Laier*, 266 Mich. App. at 498. Here, Plaintiff has come forward with sufficient evidence showing that a material question of fact exists as to whether the dispensary drawer was an open and obvious condition. Defendant Redberry-Delaware is not entitled to summary judgment on Count III.

Defendants also argue that Plaintiff's negligence claim against Defendant Yum! Brands,[2] Count VIII, should be dismissed because it owed no duty to Plaintiff. Plaintiff counters that her claim is not based on Yum! Brands' direct involvement in the operation of the subject restaurant, rather it is based on Yum! Brands' failure to monitor, supervise, and assure the safety of the restaurants under its control. Plaintiff presents Yum! Brands public filings which show it promulgates safety standards for its three business units, including Pizza Hut. Plaintiff argues that Yum! Brands has provided no admissible evidence regarding its business practices and does not deny its involvement with promulgating operating standards for its business units.

In Michigan, "the question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides after assessing the competing policy considerations for and against recognizing the asserted duty." *Friedman v. Dozorc*, 412 Mich. 1, 22 (1981). In order for liability to be extended from the franchisee to the franchisor, the franchisor must retain the right to oversee the day-to-day operations of the franchisee. *See Little v. Howard Johnson Co.*, 183 Mich. App. 675, 681 (Mich. Ct. App. 1990).

---

[2] Plaintiff agrees with Defendant Pizza Hut of America, LLC that she sued this defendant by mistake as Pizza Hut, LLC franchised the subject Pizza Hut restaurant to Redberry-Delaware. Plaintiff has recently filed a Motion for Leave to Amend the Complaint to substitute the correct party, which will be addressed *infra*. Pizza Hut of America, LLC is dismissed from this action.

Defendants have produced evidence demonstrating that Yum! Brands was not the owner, possessor, or franchisee of the subject location at the time of the alleged incident. The subject restaurant was franchised by Pizza Hut, Inc. to Redberry Delaware in September of 2009. *See* Defs.' Mot. at Ex. E. Yum! Brands was not the franchisor of the restaurant and had no control over its day-to-day operations. *See* Defs.' Reply at Ex. J. Accordingly, Defendant Yum! Brands is entitled to judgment in its favor on Count VIII.

Defendants also argue that Plaintiff's third-party beneficiary breach of contract claims, Counts V, VII and IX, must be dismissed because there was no privity of contract between Plaintiff and Defendant. Plaintiff fails to address this argument in her responsive brief. Thus, she has abandoned these claims. *See Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *see also Clark v. City of Dublin*, 178 F. App'x 522, 524-25 (6th Cir. 2006)(same). Therefore, Defendants are entitled to judgment in their favor on Counts V, VII and IX.

Defendants did not address Counts XI, Design Defect Strict Product Liability and Count XII, Failure to Warn Strict Liability in their Motion for Summary Judgment. However, Defendants do address these claims in their Reply in Support of Summary Judgment arguing that their Motion for Summary

Judgment seeks dismissal of all Plaintiff's claims against them. In the Court's view, Counts XI and XII, were improperly brought against Defendants Yum! Brands and Redberry-Delaware.

These Defendants were served with process for this action in early 2017. Plaintiff was permitted to amend her Complaint in September of 2018 in order to address the deficiencies with respect to her claims asserted against Malibu Builders, a former John Doe Entity Defendant, which had not been brought into this action until August of 2018. Instead of only rectifying her pleading deficiencies against Malibu Builders, Plaintiff took it upon herself to allege Count XI against the remaining Defendants in addition to Malibu Builders. She also added Count XII to her allegations against all of the Defendants-Yum! Brands, Redberry Delaware and Malibu Builders. Plaintiff did not seek leave of Court to bring these additional claims as contemplated by Rule 15 of the Federal Rules of Civil Procedure. In determining when to allow amendment under Rule 15, this Court must consider certain factors, including "undue delay, bad faith or dilatory motive." *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (2005).

Counts XI and XII were first alleged against these Defendants on September 28, 2018. It would be highly prejudicial for Plaintiff to be allowed to bring these claims so late in this litigation. Trial is set for less than a month away and

discovery is closed. These claims are dismissed as to Defendants Yum! Brands and Redberry-Delaware.

### B. Defendants' Motion for Leave to File Notice of Non-Party Fault

In the present motion, Defendant Redberry-Delaware seeks to name Malibu Builders, the alleged installer of the dispensary device, and Bullet Guard, the alleged manufacturer of the dispensary device, as two nonparty entities at fault in this matter pursuant to Mich. Ct. R. 2.112(K). Redberry-Delaware argues that the parties learned of the identity of these entities late in the discovery process and these parties had actually been in this cause of action until the Court bifurcated Plaintiff's action. Defendant Redberry-Delaware argues that if it is prohibited from filing a Notice of Non-Party fault, Plaintiff will be permitted to "double-dip" her damages for the incident. Redberry-Delaware asserts that it should be allowed to name Malibu Builders and Bullet Guard as proposed at fault non-parties for the trial, so the jury is able to attribute a fair apportionment of liability.

In support, Redberry-Delaware asserts that the case law is clear that it is appropriate to add parties that may be at fault for the subject injury even if the non-party has been dismissed from the suit. In *Rihani v. Greeley & Hansen of Michigan, LLC*, No. 256921, 256941, 2005 WL 2759210, *9 (Mich. Ct. App. Oct. 25, 2005), the Michigan Court of Appeals found that a trial court erred in not letting a defendant add the City of Detroit as a non-party at fault after the City had

been dismissed under a theory of governmental immunity. *Id.*; *see also Kopp v. Zigich*, 268 Mich. App. 258; 707 N.W.2d 601 (Mich. Ct. App. 2005); *Romain v. Frankenmuth Mutual Ins. Co.*, 483 Mich. 18; 7692 N.W.2d 911 (2009).

Plaintiff counters that Redberry-Delaware's present motion is untimely because Mich. Ct. R. 2.112(K) requires that any notice of non-party fault be filed within 91 days of a first responsive pleading. Plaintiff further asserts that Redberry-Delaware's claim that it did not know the identities of Malibu Builders and Bullet Guard until late in the discovery process is disingenuous because Defendant knew or could have easily discovered the identity of these parties. Plaintiff claims that Redberry-Canada contracted with Malibu Builders to renovate the subject restaurant and install the dispensary device. Plaintiff requested this information in her first discovery requests served in October of 2017. However, Redberry-Canada refused to produce this information requiring Plaintiff to file a motion to compel. Even then, Defendants' discovery responses failed to accurately identify Malibu Builders as the installer of the dispensary device. It was not until Redberry's Regional Manager's deposition that Plaintiff learned of the correct identity of Malibu Builders.

Defendant counters that the alleged manufacturer and installer of the dispensary device had been parties to the case since its inception and did not become nonparties until this Court bifurcated the action. As such, Redberry-

Delaware could not have filed a notice of non-party at fault until they were no longer parties to this action. *See Salter v. Patton*, 261 Mich. App. 559, 567; 682 N.W.2d 537 (Mich. Ct. App. 2004)(reversing the circuit court's decision denying a motion for leave to file notice of nonparty fault seeking to add previously named parties to an action who were dismissed via settlement). Similar to *Salter*, Redberry-Delaware could not have known of the need to file a notice of nonparty fault until the Court severed Malibu Builders and the other John Doe entities from this action.

Moreover, Redberry-Delaware asserts that it was not the lessee at the time of dispensary device's installation. As such, it did not possess any of the documents related to the installation of the device. Redberry-Delaware's Regional Manager was the contact for discovery responses and he identified the installer as Malibu Construction. When Defendant Pizza Hut provided later responses identifying Bullet Guard as the dispensary manufacturer, Defendants were then able to identify Malibu Builders as the installer. Thus, contrary to Plaintiff's claims, Defendants did not intentionally act in bad faith and withhold the identities of these entities.

Based on the foregoing, Defendant Redberry-Delaware could not have filed its Notice of Non-Party Fault until Malibu Builders and the other John Doe entities were severed from the Pizza Hut Defendants. Moreover, Plaintiff has not demonstrated any prejudice if these entities are included as non-parties as fault.

Accordingly, Defendant Redberry-Delaware's Motion to File Notice of Non-Party Fault is granted.

### C. Plaintiff's Motion for Leave to Amend

Plaintiff seeks leave to amend to substitute Pizza Hut, LLC for Defendant Pizza Hut of America, LLC. Plaintiff is not entitled to amend her complaint at this late stage of the litigation. Plaintiff was put on notice that Pizza Hut of America, LLC was not the proper entity in February of 2017 when the Defendants informed her that she had named the incorrect party. In June of 2018, Plaintiff was provided with the franchise agreement which identified Pizza Hut, Inc. as the franchisor. Plaintiff failed to take any action to amend her complaint to add the proper party until after Defendants had filed their Motion for Summary Judgment. Plaintiff has demonstrated "undue delay" in seeking amendment to add Pizza Hut, LLC as the proper party. Allowing her to add this party at this late stage-mere weeks before the facilitation and the trial-would cause severe prejudice to Pizza Hut, LLC. Accordingly, her Motion for Leave to Amend will be denied. *Jones*, 427 F.3d at 994.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendants' Motion for Summary Judgment [#67] is GRANTED IN PART and DENIED IN PART. Defendants Pizza Hut of America, LLC, Yum! Brands and Redberry Resto Brands,

Inc. ("Redberry-Canada") and Counts IV, V, VI, VII, VIII, and IX are DISMISSED.

Additionally, Counts XI and XII are DISMISSED against Defendant Yum! Brands and Redberry Resto Brands Int'l, Inc. ("Redberry-Delaware").

Counts I through III remain against Defendants Redberry Resto Brands Int'l, Inc.

Counts X, XI and XII remain against Malibu Builders.

Defendants' Motion for Leave to File Notice of Non-Party Fault [#66] is GRANTED as to Malibu Builders and Bullet Guard.

Plaintiff's Motion for Leave to Amend [#80] is DENIED.

SO ORDERED.

Dated: November 13, 2018                /s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 13, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager