UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL HARRIS,

        Plaintiff,

v.

YUM! BRANDS, INC., *et al.*,

        Defendants.
_____/

Case No.: 17-10239
Hon. Gershwin A. Drain

## **OPINION AND ORDER DENYING DEFENDANT BULLET GUARD CORPORATION'S MOTION TO DISMISS [#99] AND CANCELING HEARING**

### I.    INTRODUCTION

Presently before the Court is Defendant Bullet Guard Corporation's Motion to Dismiss, filed on April 2, 2019. Plaintiff filed a Response on April 23, 2019, and Defendant filed a Reply on May 7, 2019. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's Motion to Dismiss on the briefs and will cancel the hearing set for June 14, 2019. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny Defendant's Motion to Dismiss.

## II. FACTUAL BACKGROUND

The instant action stems from Plaintiff's visit to a take-out Pizza Hut restaurant on December 16, 2014. When Plaintiff attempted to retrieve her pizza from the pizza dispensary drawer her left index fingertip was amputated. Plaintiff filed this action on January 25, 2017. Plaintiff originally sued the Pizza Hut franchisee that operated the restaurant, as well as related Pizza Hut entities. The original Complaint asserted product liability claims against John Doe Defendants.

On October 11, 2018, the Pizza Hut Defendants moved for notice of non-party fault. The Pizza Hut Defendants indicated that discovery had revealed that Bullet Guard designed, manufactured, and installed the pizza dispensary device at issue herein. The Court granted the Pizza Hut Defendants' Motion for Notice of Non-Party Fault on November 13, 2018.

On December 18, 2018, Plaintiff moved for leave to file a second amended complaint in order to add Bullet Guard as a defendant and assert products liability claims against it. On March 8, 2019, this Court entered an Order granting Plaintiff's Motion for Leave to File Second Amended Complaint.

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be

granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

### B. Defendant's Motion to Dismiss

Defendant raises two arguments in support of its present motion. Defendant first asserts that Plaintiff's amendment to add Bullet Guard does not relate back to the date of the original complaint. Thus, Plaintiff's claims against Bullet Guard are untimely because the statute of limitations for personal injury claims is three years and Plaintiff did not file suit against Bullet Guard within three years of the incident giving rise to this action. Defendant further argues that even if MICH. COMP. LAWS § 600.2957 applies here, Plaintiff's claims are still ripe for dismissal because a Notice of Non-Party Fault was never filed as to Bullet Guard.

Contrary to Defendant's argument, Plaintiff's claims are timely pursuant to MICH. COMP. LAWS § 600.2957. Defendant's argument has been rejected by the Michigan courts. *See Taylor v. Mich. Petroleum Techs*., 307 Mich. App. 189, 196-97; 859 N.W.2d 715 (Mich. Ct. App. 2014). In *Taylor*, the Michigan Court of Appeals held that "with the enactment of MCL 600.2957(2), the Legislature made a clear policy choice in favor of allowing a plaintiff to amend his or her complaint

to include a nonparty within 91 days of the identification of the nonparty and have *that amendment relate back to the filing of the original complaint for purposes of the applicable period of limitations*. *Id*. (internal quotation marks omitted and emphasis supplied).

In the instant action, the Court granted the Pizza Hut Defendants' Motion for Leave to File Notice of Non-Party Fault on November 13, 2018. The Pizza Hut Defendants attached a copy of the proposed Notice of Non-Party Fault. *See* Dkt. No. 66 at Pg ID 349-50. The Pizza Hut Defendants identified Bullet Guard as the manufacturer of the pizza dispensary drawer and asserted that Bullet Guard was liable, in whole or in part, for Plaintiff's injuries based on negligence and/or product liability. *Id.* Plaintiff moved to amend her complaint to add Bullet Guard on December 18, 2018, or within 91 days from the Pizza Hut Defendants' Notice of Non-Party Fault. As such, Plaintiff's claims against Bullet Guard are not untimely under the applicable statute of limitations because her amendment related back to the original complaint pursuant to MICH. COMP. LAWS § 600.2957. *See Taylor*, 307 Mich. App. at 196-97.

The cases cited by Defendant are not personal injury actions involving a notice of non-party fault under MICH. COMP. LAWS § 600.2957. *See Cox v. Treadway*, 75 F.3d 230, (6th Cir. 1996) (1983 action alleging excessive force); *Anderson v. Mendoza*, No. 13-11241, 2013 U.S. Dist. LEXIS 63474 (E.D. Mich.

5

May 3, 2013) (1983 action involving false arrest, malicious prosecution and personal injury claims with no notice of non-party fault); *Cross v. Carmona*, No. 15-14254, 2018 U.S. Dist. LEXIS 52866 (E.D. Mich. Mar. 29, 2018) (1983 action alleging unlawful detention, excessive force and illegal search); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (1983 excessive force); *Brown v. Cuyahoga County*, 517 F. App'x 431 (6th Cir. Mar. 15, 2013) (same). These cases are inapplicable to the issue before this Court. As such, Defendant has failed to provide any authority that supports dismissal of Bullet Guard on statute of limitations grounds.

Defendant also argues that Plaintiff cannot rely on MICH. COMP. LAWS § 600.2957 because a notice of non-party fault has not been filed in this action. The notice required by MICH. COMP. LAWS § 600.2957 is a prerequisite to the Plaintiff's right to assign fault to Bullet Guard. *See Taylor*, 307 Mich. App. at 199. In order to comply with the Michigan Court Rule, the party giving notice must "designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault." *Id.* at 202-03; M.C.R. 2.112(K)(3)(b).

Here, the Pizza Hut Defendants' Notice of Non-Party Fault was filed as an exhibit to the Pizza Hut Defendants' Motion to File Notice of Non-Party Fault.

The Notice identified Bullet Guard, provided Bullet Guard's address and provided a statement of the basis for believing that Bullet Guard is a nonparty at fault. This is all that was required to comply with the notice requirement. *See Taylor*, 307 Mich. App. at 202-03; M.C.R. 2.112(K)(3)(b). Because the Pizza Hut Defendants' Notice met the requirements of M.C.R. 2.112(K)(3)(b), Plaintiff's claims against Bullet Guard are timely pursuant to MICH. COMP. LAWS § 600.2957.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant Bullet Guard Corporation's Motion to Dismiss [#99] is DENIED.

An Amended Scheduling Order will be issued forthwith.

Dated:    June 11, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 11, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

7